PATRICK McCUE, ADMINISTRATOR, ETC., OF CATHARINE McCUE, DECEASED, APPELLANT, v. JOHN GARVEY, RESPONDENT.

*Funeral expenses of wife — husband must be allowed the amount thereof, from her estate.*

A husband, upon the settlement of his accounts as administrator of the estate of his deceased wife, should be allowed out of her estate for her necessary and proper funeral expenses paid by him.

APPEAL by plaintiff from a decree of the surrogate of Kings county, upon the final accounting of the appellant as administrator of his wife.

The surrogate disallowed the following items:

| | |
|---|---|
| For a wake, | $47 00 |
| For priest, | 10 00 |
| Other funeral expenses, | 187 87 |

saying that he saw no objection to any of them as a proper charge, provided the estate of the wife was in any event properly chargeable with her funeral expenses. Having decided this latter question in the negative, he disallowed all of the items.

*F. E. Dana*, for the appellant.

*Anthony Barrett* and *Charles J. Patterson*, for the respondent. When a wife dies, her husband is primarily and absolutely bound to provide her funeral at a reasonable expense. (*Patterson v. Patterson*, 59 N. Y., 583; *Jenkins v. Tucker*, 1 H. Black, 90.)

This duty rests upon him, even though the wife had left him without cause and lived separate from him for years prior to her death. (*Bradshaw* v. *Beard*, 12 Com. B. N. S. [104 Eng. C. L.], 344; *Ambrose* v. *Kerrison*, 10 Com. B. [70 Eng. C. L.], 776.) This liability results from the relation of husband and wife, and is not the same as the liability which the common law casts upon a householder to bury any one who dies in his house. (See *Rex* v. *Stewart*, 12 Ad. & El., 773.) For the husband is bound to bury the wife, no matter where she dies. And where the death and funeral takes place in his absence and without his knowledge, he is bound to reimburse any one who pays the expenses. Where the wife dies and leaves a separate estate, the husband is not allowed to cast the funeral expenses upon that. (*Bertie* v. *L'd Chesterfield*, 9 Modern R., 31; *Gregory* v. *Lockyer*, 6 Maddock's Ch., 63; *Willeter* v. *Dobie*, 2 Kay & Johnson, 649.)

DYKMAN, J.:

It is the right of every person to have decent burial after death. Thus far there seems to be no difference of opinion, but the point of difficulty is to ascertain upon whom the duty devolves to see that the right is accorded. Whatever may be the rule of law respecting the burial of poor persons, it seems to be reasonably well settled that the necessary and proper expenses of the interment of a dead body are a charge upon his estate, and the duty of burial rests primarily upon the personal representatives, and the law will imply a promise to him, who, in the absence of such representative, or from the necessity of the case for any reason, incurs the expense of a proper burial. (*Patterson* v. *Patterson*, 59 N. Y., 583.) It is not intended to assert that any person who intermeddles officiously and incurs expense in the interment of a dead body, can recover the same from the personal representatives, but only that it is the duty of the personal representatives to see to it that a decent burial is accorded, and that the expense thereof is a proper charge against the estate. Such being the case, it should be allowed by the surrogate in the settlement of their accounts.

It may be, and probably is the law, that a husband is bound to bury the corpse of his deceased wife, and he is probably liable in

an action to any person who, by reason of his absence or neglect, incurs the expense of the burial. It is probably also the duty of any person under whose roof a dead body lies to see that it has decent burial. But none of these rules exempt the estate of the deceased person from the final charge for such expenses. They are intended to secure prompt and proper burial, to which all are entitled. In this case the deceased wife had a separate estate, and her husband paid the expenses of her funeral, and there is no reason why he should not be allowed therefor in the settlement of her accounts as her personal representative. If this lady had died under the roof of a stranger, the duty of the interment would have devolved upon him, in the first instance; and then, if he had been her executor or administrator, the expenses would have been allowed to him by the surrogate in the settlement of his accounts. Why not now ? Why should her separate estate be exempt from the payment of her funeral expenses because she happens to have left a husband surviving her, when there would be no pretense for such exemption if she had not. The simple fact that it was the duty of the husband to bury his deceased wife is not sufficient, for we have seen that it is the duty of other persons to bury the deceased wife in the absence of the husband.

We think the surrogate fell into error in refusing to allow the funeral expenses to be paid out of the estate.

Decree should be reversed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Decree of surrogate reversed, with costs.